OPINION
Plaintiff-appellant Mark A. Bagnoli appeals the October 30, 1997 Judgment Entry of the Stark County Court of Common Pleas granting summary judgment in favor of defendant-appellee Northbrook Property and Casualty Insurance Company.
 STATEMENT OF THE FACTS AND CASE
On July 15, 1995, appellant, while riding a bicycle, was involved in a head on collision with a motor vehicle. As a result of the collision, the tortfeasor's insurance company has offered the policy limits of $100,000.
It is undisputed that at the time of the accident, appellant, who was an employee of Danner Press, Inc., was not within the course and scope of his employment. In July, 1995, Danner Press was covered under a "Business Auto Policy" issued by appellee. The policy lists Danner Press as well as D.B. Hess Co. and The Press of Ohio, Inc. as the named insured. Danner Press also paid a separate premium for uninsured and underinsured motorist coverage in the amount of $1,000,000.
On July 14, 1997, appellant filed a declaratory judgment action in the Stark County Court of Common Pleas seeking a determination of whether appellant was an insured for purposes of underinsured motorist coverage through his employer's commercial policy issued by appellee. The parties filed cross motions for summary judgment. Via Judgment Entry dated October 30, 1997, the trial court granted appellee's motion for summary judgment. The trial court found: 1) appellant was not an "insured" under the policy; 2) the "covered auto" exclusion was valid and applicable; and 3) appellant was not acting within the course and scope of his employment at the time of the accident.
It is from the October 30, 1997 Judgment Entry appellant prosecutes this appeal raising the following assignments of error:
 I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFF/APPELLANT IN FINDING THAT THE PLAINTIFF/APPELLANT WAS NOT AN INSURED UNDER THE "OHIO UNINSURED MOTORISTS COVERAGE" ENDORSEMENT OF DEFENDANT/APPELLEE'S "BUSINESS AUTO POLICY".
 II. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFF/APPELLANT IN RULING THAT COVERAGE FOR THE PLAINTIFF/APPELLANT UNDER THE "OHIO UNINSURED MOTORISTS COVERAGE" ENDORSEMENT OF DEFENDANT/APPELLEE'S POLICY WAS EXCLUDED BY THE "COVERED AUTO" EXCLUSION.
 III. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFF/APPELLANT IN DENYING COVERAGE ON THE BASIS THAT PLAINTIFF/APPELLANT WAS NOT ACTING WITHIN THE COURSE AND SCOPE OF HIS EMPLOYMENT, WHEN SUCH A RESTRICTION WAS NOT CONTAINED IN THE "OHIO UNINSURED MOTORISTS COVERAGE" ENDORSEMENT.
This case comes to us on the accelerated calendar. App. R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:
 (E) Determination and judgment on appeal.
 The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12 (A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.
 The decision may be by judgment entry in which case it will not be published in any form.
This appeal shall be considered in accordance with the aforementioned rule.
 STANDARD OF REVIEW
Summary judgment motions are to be resolved in light of the dictates of Civ. R. 56. Civ. R. 56 (C) states, in pertinent part:
 Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter a summary judgment if it appears that a material fact is genuinely disputed. In order to survive a motion for summary judgment, the non-moving party must produce evidence on any issue to which that party bears the burden of production at trial. Wing v. AnchorMedia Ltd. of Texas (1991), 59 Ohio St.3d 108, citing Celotex v.Catrett (1986), 477 U.S. 317. Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court.Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35, 36.
 I
In his first assignment of error, appellant maintains the policy language, which defines "who is an insured" is ambiguous and; therefore, the policy must be construed in favor of providing coverage for appellant.
The four page endorsement attached to the policy entitled, "Ohio Uninsured Motorists Coverage" is the applicable definitional section for disposition of this appeal. The endorsement provides:
B. WHO IS AN INSURED.
1. You.
2. If you are an individual, any "family member".
 3. Anyone else "occupying" a covered "auto" or a temporary substitute for covered "auto". The covered "auto" must be out of service because of its break down, repair, servicing, loss or destruction.
 4. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".
Appellant cites us to a number of cases in support of his proposition that the "family member" language is ambiguous and; therefore, he should be afforded coverage. However, upon review, these cases do not involve policies which include the limiting language, to wit: "If you are an individual", which is found in the Policy at issue. This restrictive language clearly differentiates between corporate entities and individuals. While Section B.2. seems to create an ambiguity if applied to a corporation because of the reference to a corporation's "family member", a plain reading of the definitional section reveals that the provision applies only when the insured is an individual.See, Michigan Prop. Cas. Guar. Assn. v. Booth (Sept. 2, 1992), Wayne App. No. 27222, unreported.
In the case at bar, the term "you" under Section B.1. unambiguously refers to appellant's employer. Because "you" is not an individual, the condition of Section B.2. is not satisfied. Thus, the Policy under a plain reading eliminates any ambiguity by restricting coverage with this condition precedent.
We agree with the trial court that appellant is not a named insured under the Policy. We find appellant has failed to create a genuine issue of material fact and summary judgment was appropriately granted to appellee.
Appellant's first assignment of error is overruled.
 II
In his second assignment of error, appellant contends he cannot validly be excluded from coverage based upon the "covered auto" exclusion contained in the endorsement.
Because we determined, supra, appellant is not an insured under the policy, we find any discussion regarding the applicability of the "covered auto" exclusion is moot. For a similar result, see, Critelli v. TIG Ins. Co. (Oct. 15, 1997), Lorain App. No. 96CA006638, unreported.
 III
In his third assignment of error, appellant contends he cannot be denied coverage on the basis that he was not acting within the course and scope of his employment because the restriction is not found in the underinsured motorists coverage endorsement of the Policy.
In light of our disposition of assignment of error one, appellant's third assignment of error is overruled as moot.
The Judgment Entry of the Stark County Court of Common Pleas is affirmed.
By: Hoffman, P.J., Reader, J. and Wise, J. concur.
 JUDGMENT ENTRY
CASE NO. 97CA00415
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.